ORDER
DARRELL DOWTY, Chief Justice.
On the 20th day of December, 2002, this matter came on for hearing upon the Motions for Summary Judgment as filed by the Respondents. The Petitioner Mike Watkins appeared in person and by Tim. K. Baker and Janice Walters Purcell. The Respondent Principal Chief appeared by Dianne Hammons, Cherokee Nation Justice Department. The Respondent Cherokee Nation appeared by Becky Johnson, Cherokee Nation Justice Department. The Respondent Cherokee Nation Enterprises appeared by Jim Wilcoxen, Muskogee, Oklahoma.
The Court proceeded to hear oral argument, taking the matter under advisement. NOW on this 4th day of March, 2003, the Court having received and reviewed the transcript of the proceedings, and having-further received and considered the files and records of the case, FINDS as follows:
*45 1. Motion for Summary Judgment of the Respondent Cherokee Nation Enterprises and the Individual Board members.
The Court first considers the Motion of Respondent Cherokee Nation Enterprises (Hereinafter CNE). This Court, for reasons stated hereinafter, assumes jurisdiction of this Motion under the general provisions of Article VII of the Constitution of the Cherokee Nation. The Court has previously considered a similar Motion which was overruled because there were apparent genuine issues of material fact remaining for adjudication. This Respondent now renews the Motion, having taken the deposition of the Petitioner, the transcript of which this Court has reviewed. The Respondent alleges that the Petitioner knowingly, voluntarily and with advise of counsel, signed a termination agreement and further alleges that even if his signature was obtained involuntarily, he did not sign under protest; did not attempt to rescind the agreement; and, has accepted and continues to accept the benefits of the agreement, thereby ratifying an otherwise voidable agreement. The Petitioner argues that his requested resignation constituted a wrongful termination; that the Petitioner was forced to sign the termination agreement; and, that the agreement was a void agreement rather than a voidable agreement because the CNE Board of Directors was not legally constituted at the time the agreement was presented and signed.
The Court first notes that the Petitioner does not contest the action of the Board of Directors in voting to renew his employment contract with a 10 % raise in October, 2001, and again on December 12, 2001, but, he then asks the Court to find that the action of the same board in approving the termination agreement on the same date renders the agreement void for lack of authority to act. In Cantrell v. Cherokee Nation, et al., JAT-97-01, we have previously found that action taken by a CNE Board that was not lawfully constituted, was void and ordered reinstatement of that employee whose resignation was requested and tendered. The Respondent CNE attempts to distinguish this case by arguing that even if we assume for the purpose of argument that the CNE Board was not properly constituted when this agreement was signed, the release and waiver by the Petitioner and acceptance of the benefits and proceeds thereof, is still effective to release any and all claims and causes of action against the Corporation. The fact that the Petitioner has accepted the payments provided in the agreement is not disputed.
Assuming the illegality of the Board for the purposes of this Motion, this Court is not persuaded by the authority cited that the termination agreement is voidable in this case as opposed to being void consistent with the Cantrell decision. The Court finds that in light of the decision in Cantrell, there remain genuine issues of fact to be determined regarding the status and legality of the Board of Directors as constituted on the date of termination and that the Motion for Summary Judgment of the Respondent CNE, should be denied.
2. The Motions for Summary Judgment of the Respondents Cherokee Natron and Principal Chief.
In his first cause of action, the Petitioner brings a wrongful termination action against the Cherokee Nation and the Principal Chief under the provisions of Article XII of the Constitution seeking monetary damages and reinstatement of his job. In the second cause of action, he alleges a conspiracy between the CNE Board and the Principal Chief resulting in tortuous and malicious interference with contract *46 resulting in wrongful termination. In the third cause of action, he alleges age discrimination by CNE and the Principal Chief. His prayer for relief seeks reinstatement, monetary and punitive damages.
The Principal Chiefs Motion to Dismiss in his individual capacity has been granted. In his Motion for Summary Judgment in his official capacity, he argues that he is protected from suit by the doctrine of sovereign immunity and that Article XII of the Constitution of the Cherokee Nation does not require the renewal of employment contracts. The Respondent Cherokee Nation asserts that the Petitioner has never been an employee of the Cherokee Nation; that his claims are barred by the doctrine of sovereign immunity; that Article XII does not require the renewal of employment contracts, that Petitioner’s claims based upon mental anguish, ridicule, public humiliation, defamation, and age discrimination are barred under the doctrine of sovereign immunity.
The Petitioner presents argument and authority that the Nation and Principal Chief have been found to have waived sovereign immunity in past cases; that Article XII has been interpreted to include employees of CNE; that involuntary resignation constitutes a wrongful termination; and, that the Nation has waived sovereign immunity in age discrimination cases.
The Court would first address the employment relationship between the Petitioner and the Cherokee Nation. This Court has previously accepted jurisdiction of CNE employment termination cases under Article XII of the Constitution and there is an apparent history of precedent for the assumption of jurisdiction.[1] In Cantrell, decided on April 9, 1997, the Court assumed jurisdiction citing the Looney case, JAT -96-05. In Looney, the question of whether CNE employees were employees of the Cherokee Nation under Article XII was briefed, argued and litigated. By a consolidated Order filed on August 7, 1996, this Court answered the question in the affirmative.
The Council then enacted legislation LA 12-96 discussed hereinafter, creating the Employee Administrative Procedures Act, effective in its present form on December 1, 1996. Therein, by specific language, the Council excluded employees of Tribal corporations from the provisions of the EAPA.
Upon review of Article XII of the Constitution of the Cherokee Nation in light of the passage of the EAPA, as required by the terms of Article XII, the Court finds that the Council in the exercise of its authority under Constitutional Article V, Section 7, has specifically excluded employees of corporations owned and operated by the Cherokee Nation from the protections of the Employee Administrative Procedures Aet.[2] The Constitution affords *47 protection to persons in the employ of the Cherokee Nation and the Council has provided a definition of “Employee” which does not include employees of CNE. The effect of the plain language of this legislation is to exclude employees of CNE from the provisions of Article XII. The Court finds that the passage of this Act and the exclusion of corporate employees is a reasonable exercise of the legislative powers granted by Article V of the Constitution of the Nation and as reserved by prior legislation.[3]
Therefore, the Petitioner and those similarly situated must look to the policies and procedures of the corporate entity for redress of their employment grievances. A right of appeal of the actions of the corporate employer is not available under Article XII to this Petitioner.
It is undisputed that an agent of the Principal Chief was directly involved in the process by which the Petitioner separated from employment with CNE. This Court in Cantrell found that the Principal Chief could not serve On the Board of Directors of CNE. While he does exercise oversight powers over Tribal corporations, we found in Cantrell that should the Principal Chief attempt to play a role in the daily decision-making or the policy-making of the corporation, he would not feel obligated to exercise independent judgment in carrying out his oversight duties. We reaffirm this holding in Cantrell prohibiting the Principal Chief and Council members from sitting on the CNE Board of Directors and continue to caution against direct involvement In Corporate management by Nation officials.
The Court finds that the causes of action relating to the conduct of the agent of the Principal Chief sounding in tort are unavailable due to the exercise of sovereign immunity by the Cherokee Nation which is equally applicable to the Principal Chief.[4] The Nation has not waived its immunity from suit for such alleged conduct. Although the Nation has a limited waiver of immunity in employee appeals as provided in Article XII, as previously stated, that recourse is unavailable to the Petitioner because he is not an employee of the Cherokee Nation. The Nation and Principal Chief are entitled to summary judgment as a matter of lawc
For all of the above reasons, IT IS THEREFORE ORDERED that the Motion for Summary Judgment of the Respondents CNE is denied.
IT IS FURTHER ORDERED that the
Motions for Summary Judgment of the Respondent Cherokee Nation and the Principal Chief in his official capacity, are hereby GRANTED.

. Cantrell v. Cherokee Nation, et al., JAT 97-01 (1997); JAT-96-05, Looney, et al., v. Cherokee Nation Bingo Outpost.

. Article XU, Constitution of the Cherokee Nation 1975:
No Employee, who having served in a position at least one (I) year, shall be removed from the employment oí the Cherokee Nation except for cause. The employee shall be afforded a hearing by the Judicial Appeals Tribunal under such rules and procedures as may be prescribed by the Council. These rules and procedures, however, must follow, as nearly as practicable, the provisions of the Oklahoma Administrative Procedures Act, Title 75, Oklahoma Statutes 30 I ef seq.
LA 12-96 as amended by LA 20-96, Title 51 CNCA § 1003 Legislative Intent:
The intent of this Act is to implement applicable provisions of the Cherokee nation Constitution relating to Cherokee Nation Employee Rights....
*47 LA 12-96 as amended by LA 20-96, Title 51 CNCA § 1004(4):
"Employee of the Cherokee Nation” or "Employee” shall mean a person who has been directly employed by the Cherokee Nation on a regular full-time basis for at least one continuous year immediately prior to termination of employment, including such employees who have renewable contacts with the Cherokee Nation. For the purposes of employee termination appeals under this Act, this term shall not include employees of any corporation for profit or other business entity owned and operated by the Cherokee Nation, such as, but not limited to Bingo Outpost, Cherokee Nation Enterprises and Cherokee Nation Industries; ... [Underlined language per amendment in LA 20-96]

. 18 CNCA § 11(A) and § 26

. JAT-96-03, In Re Kinnison at pp-8-9-